UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT WHITE-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00382-JPH-DLP |
| ) | |
| ERIC J. HOLCOMB, ) | |
| ROBERT E. CARTER, JR., ) | |
| BRIAN SMITH, ) | |
| CHRIS A. WILLIAMS, ) | |
| I. RANDOLPH, ) | |
| WEXFORD HEALTH SERVICES L.L.C., ) | |
| MOOTHERY, ) | |
| SUEZIE SMOOTH, ) | |
| PEREZ, ) | |
| PETTY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

The plaintiff, Robert White-Bey, is currently an inmate at Putnamville Correctional Facility ("PCF"). Because Mr. White-Bey is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

1

>plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. White-Bey are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The Court notes that Mr. White-Bey attached thirty pages of exhibits labeled health care request forms to his complaint. Dkt. 2-1. The attachments to the complaint can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (exhibits attached to the complaint are disregarded). These exhibits appear to be nothing more than evidence in support of the claims alleged in the complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Mr. White-Bey names the following defendants in his complaint: (1) Governor Eric Holcomb; (2) Indiana Department of Correction ("IDOC") Commissioner Robert E. Carter, Jr.; (3) Warden Brian Smith; (4) Chris Williams, grievance specialist; (5) I. Randolph, final reviewing authority of offender grievance process; (6) Wexford Health Services, LLC;[1] (7) Nurse Moothery, health service administrator; (8) Suezie Smooth; (9) Dr. Perez; and (10) Nurse Practitioner Petty. Dkt. 2. At all times relevant to his complaint, Mr. White-Bey was incarcerated at PCF. *Id*. Mr. White-Bey seeks monetary damages. *Id.* at 8.

Mr. White-Bey alleges that he suffers from rheumatoid arthritis, degeneration of the cartilage in his knees, back pain, and numbness from his chest to his feet. *Id.* at 2-3. On March 18, 2020, Mr. White-Bey was seen by Dr. Perez because he "had three incident[s] where his legs had

---

[1] The Court understands that Wexford Health Services, LLC, should properly be reflected on the docket as Wexford of Indiana, LLC.

given out and he had fallen." *Id.* at 3. Mr. White-Bey states that Dr. Perez ordered x-rays but did not take an x-ray of his back. *Id.* He claims that he saw Dr. Perez six times after this, tried many medications including Cortisone shots in his knees, and only received minor relief. *Id.*

Mr. White-Bey alleges that Nurse Petty saw him on March 18, 2020, due to his worsening back and leg pain and told him there was "nothing wrong" and "the problem was his weight." *Id.* He claims she cancelled his inhaler and stopped his pain medications. *Id.*

Mr. White-Bey claims he was finally moved to a dorm on the ground floor on June 20, 2020. *Id.* at 4. After six months of trying to get a wheelchair, Mr. White-Bey alleges he received a wheelchair on July 13, 2020 but it was inadequate because it was too small and it broke within a week. *Id.* at 4. Mr. White-Bey does not state whether at the time of filing his complaint that he is currently without a wheelchair. At the end of his complaint, Mr. White-Bey states "the bottom line is this [he] is disabled acomidation [sic] should have been made, but they were not." *Id.* at 7.[2]

### III. Discussion of Claims

**A. Dismissed Claims**

Mr. White-Bey names a number of individuals in the caption of his complaint and makes no further specific allegations of wrongdoing against them in the body of his complaint. He makes unspecified and general assertions that the "respondents" created customs and practices that placed

---

[2] Even liberally construing this statement, the Court does not find that Mr. White-Bey has alleged claims under the Americans With Disabilities Act (ADA) and/or the Rehabilitation Act (RA). To establish a violation of Title II of the ADA, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability.*" Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132). The RA is functionally identical: it requires the plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). To the extent Mr. White-Bey intended to make any such claims, **those claims are dismissed** for failure to state a claim upon which relief may be granted.

him in imminent danger or that breached their employment contract. *Id.* at 5. He claims that unidentified IDOC and Wexford staff observed him struggling in everyday life via the cameras in the dorms and on the streets outside the dorms but did nothing to assist him. *Id.* at 6-7.

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018); *see also Olive v. Wexford Corp.*, 494 F. App'x. 671, 673 (7th Cir. 2012) ("[A] supervisor is not liable just because a complaint is made and an effective solution is not forthcoming.").

To the extent that Mr. White-Bey claims his grievances were mishandled by those individuals he lists who are responsible for making and reviewing grievance decisions, these claims also fail. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). An "alleged mishandling of [ ] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Id.* It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *See, e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (dismissing the "contention that any public employee who knows (or should know) about a wrong must do something to fix it"); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Mr. White-Bey has not established any individual wrongdoing on the part of Governor Eric Holcomb, IDOC Commissioner Robert E. Carter, Jr., Warden Brian Smith, Chris A. Williams (grievance specialist), I. Randolph (final review authority), Nurse Moothery (health service

administrator), or Suezie Smooth. All claims against these individuals are **dismissed** for failure to state a claim upon which relief may be granted.

Mr. White-Bey alleges that Wexford has not given him an examination to diagnose his medical condition, did not take x-rays of his back, and did not provide him with essential adequate care according to its policies and practices. Dkt. 2. Wexford is not automatically liable under 42 U.S.C. § 1983 for the failings of its employees. To state a § 1983 damages claim against Wexford, Mr. White-Bey must allege that a Wexford policy, practice, or custom caused a constitutional violation. He points to no identifiable policy or practice to properly plead a damages claim against Wexford upon which relief can be granted. Accordingly, all claims against Wexford are **dismissed**.

### B. Claims that Shall Proceed

Mr. White-Bey's complaint makes specific allegations against only Dr. Perez and Nurse Practitioner Petty, regarding their failure to provide him with adequate medical treatment or the pursuit of an inadequate course of treatment constituting a deliberate indifference to his serious medical needs.

The Court determines that Mr. White-Bey has asserted viable claims against these defendants. Accordingly, Mr. White-Bey's **deliberate indifference claims pursuant to the Eighth Amendment as well as his state law claims of negligence shall proceed** against both defendants as pled in his complaint.

### IV. Issuance of Service

The **clerk is directed** to issue process to defendants (1) Dr. Perez and (2) Nurse Practitioner Petty in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

These two defendants are identified as employees of Wexford of Indiana, LLC. The **clerk is directed** to send a copy of this Entry to Wexford electronically. Wexford is **ORDERED** to provide the full name and last known address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

### V. Conclusion

The claims identified in Part III include all the viable claims identified by the Court. All other claims are **dismissed**. If Mr. White-Bey believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through **December 10, 2020**, to identify those claims.

The **clerk is directed** to issue service of process to defendants: (1) Dr. Perez and (2) Nurse Practitioner Petty in the manner specified in Part IV. The **clerk is directed** to terminate all other defendants from the docket.

**SO ORDERED.**

Date: 11/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT WHITE-BEY
971622
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Electronic Service to Wexford of Indiana, LLC

Copies by US mail to individual medical care providers:

Dr. Perez
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

Nurse Practitioner Petty
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135